1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA DE LA CRUZ, an individual; ISABEL DE LA CRUZ, an individual; AMY MICHELLE TARAZON, by and through her Guardian Ad Litem, Rick Tarazon; JACOB PAUL DE LA CRUZ, by and through his Guardian Ad Litem, Alfred De La Cruz, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES POSTAL SERVICE; DAVINDER KAUR BADYAL, an individual; and DOES 1 to 10, inclusive, <br><br> Defendants. <br>―――――――――――――――――――― <br> AND RELATED CROSS ACTION. <br>―――――――――――――――――――― | 1:08cv0018 OWW DLB <br><br> FINDINGS AND RECOMMENDATIONS REGARDING REQUEST FOR APPROVAL OF MINOR'S COMPROMISE <br> (Document 46) |

        Petitioners Alfred De La Cruz and Rick Tarazon filed the instant petition for an order

approving compromise of the claim of Plaintiffs Jacob Paul De La Cruz and Amy Michelle

Tarazon.  The petition was heard on January 19, 2010, before the Honorable Dennis L. Beck,

United States Magistrate Judge.  Fabio Cabezas appeared on behalf of Plaintiffs Jacob Paul De La

Cruz and Amy Michelle Tarazon, who were present with Petitioners Alfred De La Cruz and Rick

Tarazon.  Alyson A. Berg, Assistant United States Attorney, appeared on behalf of Defendant and

Counterclaimant United States of America.

1

## BACKGROUND

There are two minors involved in this action.  The first minor, Jacob Paul De La Cruz, is a male born October 4, 2001, and is approximately 8 years old.  Petitioner Alfred De La Cruz is the appointed guardian ad litem of Jacob Paul De La Cruz.  The second minor, Amy Michelle Tarazon, is a female born February 1, 2001, and is approximately 8 years old.  Petitioner Rick Tarazon is the appointed guardian ad litem of Amy Michelle Tarazon.

The action arises out of motor vehicle accident on June 1, 2006, in Selma, California.  According to the complaint, Plaintiff Christina De La Cruz was driving a 1983 Toyota Camry.  Plaintiffs Isabel De La Cruz, Jacob Paul De La Cruz and Amy Michelle Tarazon were passengers in the Toyota Camry.  Defendant Davinder Badyal, a letter carrier employed by Defendant United States Postal Service, was driving a 1986 Nissan Pickup while delivering mail.  Plaintiffs and Defendant Badyal were driving in opposite directions and Defendant Badyal allegedly turned directly in front of Plaintiffs' Toyota Camry.  Plaintiff Christina De La Cruz was unable to stop and collided with the pickup driven by Defendant Badyal.

Plaintiff Isabel De La Cruz reportedly suffered injuries, including a broken collarbone, broken ribs, a spinal fracture, a pulmonary embolism, lacerations and bruises.  She also developed a lump in her chest, which was identified as a foreign object, that had to be removed.  She incurred medical bills totaling $134,309.21.

Plaintiff Christina De La Cruz reportedly suffered contusions to the head and chest.  She incurred medical bills totaling $11,613.72, and lost income totaling $418.00.  She has made a full recovery.

Plaintiff Jacob Paul De La Cruz reportedly suffered loss of consciousness, laceration to the mouth and contusions to the abdomen, chest and chin.  He also had stitches in the interior of his mouth.  He incurred medical bills totaling $11,501.58.  He has made a full and complete recovery.

Plaintiff Amy Michelle Tarazon reportedly suffered contusions to the head and chest and swelling of the forehead and nose.  She incurred medical bills totaling $15,797.44.  She has made a full and complete recovery.

1   The parties to this action reached a settlement.  (Doc. 45; Notice of Settlement).

2   Defendant United States Postal Service offered the total sum of $10,000, with $5,000.00 of the

3   settlement proceeds to go to each minor.

4   Petitioner Alfred De La Cruz seeks approval for payment out of the settlement proceeds to

5   Jacob De La Cruz as follows:  (1) the sum of $3,750.00 be paid to Plaintiff Jacob Paul De La

6   Cruz; and (2) the sum of $1,250.00 (25% of $5,000.00) be paid to The Law Offices of Federico C.

7   Sayre for attorney's fees.  Petitioner proposes that the balance of the settlement proceeds payable

8   to Jacob Paul De La Cruz be distributed to Petitioner, the guardian ad litem, to be held in trust

9   until Jacob Paul De La Cruz reaches the age of majority.  In the alternative, Petitioner requests that

10   the funds be deposited at the Educational Employee's Credit Union located at 1729 East Manning

11   Avenue, Reedley, California 93654.

12   Petitioner Rick Tarazon seeks approval for payment of the settlement proceeds to Amy

13   Michelle Tarazon as follows:  (1) the sum of $3,750.00 be paid to Plaintiff Amy Michelle Tarazon;

14   and (2) the sum of $1,250.00 (25% of $5,000.00) be paid to The Law Offices of Federico C. Sayre

15   for attorney's fees.  Petitioner proposes that the balance of the settlement proceeds payable to

16   Amy Michelle Tarazon be distributed to Petitioner, the guardian ad litem, to be held in trust until

17   Amy Michelle Tarazon reaches the age of majority.  In the alternative, Petitioner requests that the

18   funds be deposited at the Educational Employee's Credit Union located at 455 East Barstow,

19   Fresno, California 93710.

20                                                   **DISCUSSION**

21   This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent

22   part:

23          (b) Settlement.  No claim by . . . a minor . . . may be settled or compromised
            absent court order by the Court in approving the settlement or compromise.

24                  . . .
                    (2) The application shall disclose, among other things, the age and

25          sex of the minor . . . , the nature of the causes of action to be settled or
            compromised, the facts and circumstances out of which the causes of action arose,

26          including the time, place and persons involved, the manner in which the
            compromise amount or other consideration was determined, including such

27          additional information as may be required to enable the Court to determine the
            fairness of the settlement or compromise, and, if a personal injury claim, the nature

28

3

and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent . . . .

. . .

(c) Disclosure of Attorney's Interest.  When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

(e) Payment of Judgment.  Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor.  "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires *court approval* of the fairness and terms of the settlement."  Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Civil Procedure Before Trial* (2009) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-48 (emphasis in original).  A settlement for a minor and attorney fees to represent a minor must be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code § 3601.  A leading California practice guide observes:

Although courts vary in their fee approval policies, all consider the time expended and the complexity of the case.
...

The court may allow attorney fees under a valid contingency agreement so long as the fees are *reasonable*.
...

Many courts require a showing of "good cause" to award more than 25% of any recovery.

Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2008) Settlement Procedures, paras. 12:576 and 12:577, p. 12(II)-B (Citations omitted).

The present petition includes the information required by this Court's Local Rule 17-202(b)(2) and (c) to address the details of the proposed compromise.  Petitioners represent that they have made a careful investigation as to the responsibility for and the nature and extent of the

4

minors' damages.  Petitioners reportedly understand that compromise will forever bar and prevent the minors from seeking further recovery of compensation from the Defendants.

Petitioners indicate that liability was "very difficult" because it was admitted that Plaintiff Christina De La Cruz was speeding by at least 25 miles per hour over the speed limit and there was questionable causation on the driver for Defendant.  Request for Approval of Minor's Compromise, p. 5.  Petitioners also have agreed that they are taking a small portion of the settlement due to the very severe injuries suffered by Isabel De La Cruz.

Plaintiff Jacob Paul De La Cruz, Petitioner Alfred De La Cruz, Plaintiff Amy Michelle Tarazon and Petitioner Rick Tarazon are represented by The Law Offices of Federico C. Sayre. The law firm has not received any attorney fees or other compensation for services provided in this matter.  They expect to receive attorney fees totaling 25% of the settlement in the amount of $2,500.00 (25% of $10,000).  The Court finds the request for attorney fees totaling 25% of the settlement to be reasonable.

Plaintiff Jacob Paul De La Cruz's remaining balance of $3,750.00 should be distributed to Petitioner Alfred De La Cruz, his Guardian Ad Litem, to be held in trust for Jacob Paul De La Cruz until he reaches the age of majority.

Plaintiff Amy Michelle Tarazon's remaining balance of $3,750.00 should be distributed to Petitioner Rick Tarazon, her Guardian Ad Litem, to be held in trust for Amy Michelle Tarazon until she reaches the age of majority.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS as follows:

1.     The Request for Approval of Minor's Compromise be granted;

2.     Plaintiff Jacob Paul De La Cruz's $3,750.00 share be distributed to Petitioner Alfred De La Cruz, the Guardian Ad Litem, to be held in trust for Jacob Paul De La Cruz until he reaches the age of majority.

3.     The sum of $1,250.00 be permitted to be paid to The Law Offices of Federico C. Sayre for Plaintiff Jacob Paul De La Cruz's attorney's fees.

4.      Plaintiff Amy Michelle Tarazon's $3,750.00 share be distributed to Petitioner Rick Tarazon, her Guardian Ad Litem, to be held in trust for Amy Michelle Tarazon until she reaches the age of majority.

5.      The sum of $1,250.00 be permitted to be paid to The Law Offices of Federico C. Sayre for Plaintiff Amy Michelle Tarazon's attorney's fees

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 72-302 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

**Dated:    January 19, 2010                           /s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE